IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DONALD THOMAS SHARP,

    Plaintiff,

vs.          No. CV 21-00721 RB/GJF

UNITED STATES MARSHALS SERVICE,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

THIS MATTER is before the Court *sua sponte* under Federal Rule of Civil Procedure 41(b) on the handwritten Civil Complaint ("Complaint ") filed by Plaintiff Donald Thomas Sharp. (Doc. 1.) The Court will dismiss the Complaint without prejudice for failure to comply with Court orders, statutes, and rules, and failure to prosecute this proceeding.

The Court notes that Plaintiff Sharp has filed a number of civil cases with the Court under the names Tommy Sharp, Donald Sharp, Donald Thomas Sharp, and Donald Tommy Sharp.[1] He is presently under filing restrictions imposed by the Court due to his lengthy and abusive litigation history. *See Sharp v. New Mexico*, CV 21-00700 WJ/SMV, Mem. Op. & Order (D.N.M. Oct. 15, 2021).

---

[1] *See, e.g.*, *Sharp v. N.M. Sec'y of State*, CV 21-00831 RB/KK; *Sharp v. Core Civic*, CV 21-00820 WJ/JFR; *Sharp v. U.S. Fed. Pub. Defenders Office*, CV 21-00819 JB/CG; *Sharp v. Lea Cnty. Sheriff*, CV 21-00772 MV/LF; *Sharp v. U.S. House of Representatives*, CV 21-00771 MV/SCY; *Sharp v. Fed. Bureau of Investigation,* CV 21-00770 KWR/SCY; *Sharp v. Gonzales*, CV 21-00769 MV/LF; *Sharp v. El*, CV 21-00720 KWR/GBW; *Sharp v. Biden*, CV 21-00719 KWR/CG; *Sharp v. Mace, Cibola Cnty. Sheriff*, CV 21-00714 MV/SMV; *Sharp v. City of Edgewood Chief of Police*, CV 21-00712 JB/JHR; *Sharp v. N.M. Bd. of Finance*, CV 21-00711 JB/GBW; *Sharp v. U.S. Supreme Court*, CV 21-00705 JCH/KBM; *Sharp v. Dep't of Justice*, CV 21-704 MV/JFR; *Sharp v. Raysanek*, CV 21-00703 JB/JFR; *Sharp v. New Mexico*, CV 21-00700 WJ/SMV; *Sharp v. Core Civic*, CV 21-00699 KG/GJF; *Sharp v. United States*, CV 21-00698 JB/GBW.

Sharp filed his Complaint in this case on August 2, 2021. (Doc. 1.) He did not pay the filing fee or submit an application to proceed *in forma pauperis* at the time he filed the Complaint. The Court entered an Order to Cure Deficiencies on August 3, 2021, directing Sharp to cure deficiencies in his filing and to either pay the filing fee or submit an application to proceed under 28 U.S.C. § 1915 within thirty days of entry of the Order. (Doc. 2.) The Court also provided Sharp with a form Application to Proceed in District Court Without Prepayment of Fees or Costs. (*Id.* at 2.) The Order advised Sharp that if he failed to cure the deficiency within the 30-day time period, the Court could dismiss this proceeding without further notice. (*Id.*)

Sharp did not comply with the Court's August 3, 2021 Order. Instead, on September 27, 2021, he submitted a Motion to Discharge All Fees and Costs (Doc. 8.[2]) Sharp's Motion did not address the deficiencies in his filing as requested in the Order to Cure Deficiencies. Instead, Sharp argues that he is not required to pay the filing fees in any of his cases because he is entitled to have the fees discharged under a June 5, 1933 public law. (*Id.* at 1.) The Court has already explained to Sharp that payment of the filing fee for each of his civil cases is mandatory under 28 U.S.C. §§ 1914 and 1915 and cannot be excused by the Court. *See, e.g.*, *Sharp v. Biden*, No. CV 21-00719 KWR/CG, Mem. Op. & Order, at *2–3 (D.N.M. Oct. 15, 2021).

More than five months have elapsed since entry of the Court's Order to Cure Deficiency and almost four months have passed since Sharp filed his meritless September 27, 2021 Motion to Discharge All Fees and Costs. He has not paid the $400 filing fee or submitted an application to proceed under § 1915 in proper form. As Sharp has been advised, regardless of whether his Civil

---

[2] Sharp's Motion to Discharge All Fees and Costs was not directed specifically to this case but, instead, filed in a total of nineteen cases. (Doc. 8 at 1.)

Complaint is treated as a RICO Act claim or a civil rights case, it is a civil action and under 28 U.S.C. §§ 1914(a) and 1915(a), and the Court is required to collect the filing fee from Sharp or authorize him to proceed without prepayment of the fee. Sharp has failed to either pay the $400.00 filing fee or submit an application to proceed under § 1915 in proper form, and the Court construes his Motion to Discharge All Fees and Costs as a refusal to pay the required filing fee.

The Court may dismiss a proceeding under Rule 41(b) for failure to comply with statutes or rules of civil procedure or to comply with court orders. *See Olsen v. Mapes*, 333 F.3d 1199, 1204, n.3 (10th Cir. 2003). Therefore, the Court will dismiss this civil proceeding pursuant to Rule 41(b) for failure to comply with 28 U.S.C. §§ 1914 and 1915, failure to comply with the Court's August 3, 2021Order, failure to comply with federal statutes, and failure to prosecute this proceeding.

Pending before the Court is Sharp's Motion to Discharge All Fees and Costs (Doc. 8) and Motion for Summary Judgment (Doc. 12). In both motions, Sharp contends that a 1933 public law allows him to discharge his obligation to pay the filing fee in his cases. (*See* Doc. 8 at 1.) The public law that Sharp purports to rely on permitted contracts previously based on the gold standard to be deemed discharged by payment in any form of legal tender. *See Adams v. Burlington N. R.R.*, 80 F.3d 1377 (9th Cir. 1996). The 1933 law does not authorize discharge of the statutory requirement to pay the fees and costs, nor does it in any way relieve Sharp of his obligation to pay the entire $350.00 filing fee for every civil action he files in this Court.

Although Sharp has not filed an application to proceed under § 1915 in proper form, his multiple filings in other cases make it clear that Sharp is aware of the statutory requirements for leave to proceed under § 1915, believes that the Court has no authority to impose filing fees on him, refuses to comply with any of the mandatory statutory requirements for proceeding *in forma*

*pauperis*, and claims that he has a right to "discharge" the debt for the court fees. *See, e.g.*, *Cibola Cnty. Fed. Detainee Litigation*, No. MC 21-00028 WPF, Mot. To Discharge Fees & Costs (D.N.M. Sept. 30, 2021). Therefore, the Court has determined that it is futile and a waste of the Court's time and resources to continue to order Sharp to cure deficiencies in his submissions before dismissing his Civil Complaint. *See, e.g.*, *Salazar v. Arapahoe Cnty. Det. Facility*, 787 F. App'x 542, 543 (10th Cir. 2019); *Sheptin v. Corr. Healthcare Mgmt. Contractor Co.*, 288 F. App'x 538, 540–41 (10th Cir. 2008); *Gonzales v. Bernalillo Cnty. Dist. Ct.*, 640 F. App'x 759, 762 (10th Cir. 2016); *In re Hardee*, No. 18-67139 BEM, 2021 WL 1186477, at *2 n.2 (Bankr. N.D. Ga. Mar. 26, 2021); *Leiter v. Nickrenz*, No. 15-cv-2336 JNE/BRT, 2016 WL 7191614, at *2 (D. Minn. Dec. 12, 2016). The Court will deny his Motion to Discharge All Fees and Costs (Doc. 8) and Motion for Summary Judgment (Doc. 10) and dismiss this case. Sharp is also notified that, although the Court is dismissing this case, he remains obligated to pay the entire filing fee for this proceeding under 28 U.S.C. §§ 1914 and 1915.

Also pending before the Court are Sharp's Motion to Amend Civil Complaints (Doc. 10) and a proposed form of order submitted by Sharp seeking summary judgment and an award of $1.1 Billion in damages (Doc. 15 at 1). Sharp's Motion to Amend was filed in twenty-six of his cases and does not appear to have any relevance to this specific case. (Doc. 10 at 1.) The Court construes Sharp's proposed form of order (Doc. 15) as a motion for summary judgment. The Court notes that the motion does not comply with the requirements of Federal Rule of Civil Procedure 56 and does not establish that Sharp is entitled to judgment as a matter of law in this case. The Court will deny the Motion to Amend and the order/motion for summary judgment as moot in light of the dismissal of this case.

**THEREFORE,**

**IT IS ORDERED** that:

**(1)** The Motion to Discharge All Fees and Costs (Doc. 8) and Motion for Summary Judgment (Doc. 12) filed by Sharp are **DENIED**;

**(2)** The Motion to Amend Civil Complaints (Doc. 10) and the proposed form of order submitted by Sharp seeking summary judgment (Doc. 15), which the Court construes as a summary judgment motion, are **DENIED** as moot; and

**(3)** the Civil Complaint filed by Sharp on August 2, 2021 (Doc. 1) is **DISMISSED** without prejudice under Rule 41(b) for failure to prosecute or to comply with 28 U.S.C. §§ 1914 and 1915 and to comply with the Court's August 3, 2021 Order.

_____
ROBERT C. BRACK
SENIOR U.S. DISTRICT JUDGE